IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE, WASHINGTON

| | |
|---|---|
| ARDEN ROSE,<br><br>    Plaintiff,<br><br>v.<br><br>HOLLAND AMERICA LINE INC., a Washington Corporation, HOLLAND AMERICA LINE N.V., a Curacao Corporation, and HAL ANTILLEN N.V., a Curacao Corporation,<br><br>    Defendant. | NO.<br><br>COMPLAINT FOR DAMAGES<br><br>JURY TRIAL DEMANDED |

COMES NOW the plaintiff, Arden Rose, by and through her attorneys, and for causes of action against defendants alleges as follows:

I.    **JURISDICTION AND VENUE**

1.1    This is an action by a cruise ship passenger who sustained injury on a voyage aboard the vessel M/S NIEUW STATENDAM (the "Vessel"), on a cruise departing from Fort Lauderdale, Florida. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1333, due to the maritime nature of the claims. Jurisdiction is also based on diversity of the citizenship of the parties, because the amount in controversy exceeds $75,000.

1.2    Venue is proper in this Court pursuant to 28 U.S.C. §1391 because defendant Holland America Line Inc. has its principal place of business in Seattle, Washington. Venue is also proper

COMPLAINT - 1

under the forum selection clause contained in defendants' passenger contract.

## II.   PARTIES

2.1   Plaintiff Arden Rose is a resident of Santa Barbara, California and was a fare-paying passenger on the Vessel.

2.2   Defendant Holland America Line Inc. is a Washington corporation with its principal place of business in Seattle, Washington. At all material times, Holland America Line Inc. was the operator of the Vessel, and the agent of defendants Holland America Line N.V. and HAL Antillen N.V.

2.3   Defendant Holland America Line N.V. is a Curacao corporation with its principal place of business in Seattle, Washington. At all material times, Holland America Line N.V. was the charterer of the Vessel.

2.4   Defendant HAL Antillen N.V. is a Curacao corporation and at all material times was the owner of the Vessel.

## III.   FACTUAL BACKGROUND

3.1   On or about March 16, 2022, the Vessel began a cruise departing from Fort Lauderdale, Florida. Arden Rose was a passenger on the Vessel, booked for back to back cruises.

3.2   On April 4, 2022, plaintiff Rose tripped on the edge of an access ramp located at the threshold of the veranda to her stateroom. The edge did not properly seat when the sliding glass door to the veranda was opened, creating a tripping hazard.

3.3   After Ms. Rose fell, she immediately felt pain in her back, leg, hip and wrist. She had back surgery in August 2022 to repair five fractured vertebra suffered in her fall.

3.4   As a result of her fall, plaintiff suffered serious personal injuries, including to her back, groin and hip, and incurred medical expenses, which are continuing. She has also been unable to return to her home in California as a result of her injuries, and has incurred additional housing expenses.

Anderson & Mitchell, PLLC
1239 120th Ave. NE, Suite A
Bellevue, WA 98005
Phone: (206) 436-8490
Fax: (206) 436-8491

3.5   A notice of claim was mailed to defendant on September 8, 2022.

## IV.   CAUSE OF ACTION - NEGLIGENCE

4.1   Plaintiff re-alleges the allegations in Paragraphs 1.1 through 3.5 as though set forth fully herein.

4.2   Defendants, as owners and operators of the Vessel, owed plaintiff the duty to use reasonable care under the circumstances. This duty includes the obligation to maintain vessel equipment, including veranda doors and ramps, in a condition that is reasonably safe for passengers to use.

4.3   Defendants knew, or should have known, that the veranda door and access ramp could create a tripping hazard, and was therefore not reasonably safe.

4.4   Defendants breached their duty of care by failing to maintain the veranda door and access ramp in a reasonably safe condition.

4.5   Defendants breached their duty of care by failing to properly train their personnel to inspect and maintain the veranda door and access ramp in a reasonably safe condition.

4.6   Defendants failed to provide warnings to passengers that the access ramp at the veranda threshold might not seat properly, thereby creating a tripping hazard.

4.7   As a direct and proximate result of defendants' negligence, plaintiff suffered permanent injury, past and future pain and suffering, incurred medical bills and other monetary damages, and will incur additional medical bills and monetary damages in the future.

## V.   JURY DEMAND

5.1   Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

Plaintiff requests that judgment be entered against Defendants as follows:

a.   Awarding Plaintiff damages in an amount to be established at the time of trial.

b.   Awarding Plaintiff's actual and reasonable attorney's fees, litigation expenses, and

COMPLAINT - 3

Anderson & Mitchell, PLLC
1239 120th Ave. NE, Suite A
Bellevue, WA 98005
Phone: (206) 436-8490
Fax: (206) 436-8491

costs incurred in this action to the extent provided by any applicable law, and

    c.    Awarding Plaintiff any additional or further relief which the court finds appropriate, equitable or just.

DATED this 17th day of October, 2022.

        ANDERSON & MITCHELL, pllc

        By *Wayne Mitchell*
        Wayne Mitchell WSBA # 24347
        Attorney for Plaintiff

COMPLAINT - 4

Anderson & Mitchell, PLLC
1239 120th Ave. NE, Suite A
Bellevue, WA 98005
Phone: (206) 436-8490
Fax: (206) 436-8491